thank you may it please the court I'd like to preserve two minutes for a rebuttal okay I want to thank you for the opportunity to present my client's case here today and our request for this court is that this court overturned my client's conviction based on the violation of his constitutional rights that happened throughout this case as I get into that the I guess the the rights that we're talking about are of two classes one results from the warrantless searches and seizures of evidence of Bonnie ish residents the other is for the courts failure to dismiss the case on his motion due to outrageous conduct that's violated his process rights excuse me turning to our first class of arguments regarding the warrantless searches the threshold question is whether or not my clients has standing to pursue his claims we believe it and we believe the court erred in finding that my clients did not reside at the Bonnie ish residence and that's because there was we believe that there was plenty of evidence showing that he did well but but counsel even even if there was as you say plenty of evidence that your client did reside there there was also significant evidence including from his grandmother who in the house if I have that right that he didn't so why is the judge's findings factually error on whether or not your client actually resided at the house or not okay I acknowledge that there was evidence showing testimonies he did not reside the other evidence to show that he that we are to show that he was either there should have led the judge to conclude that he did reside there the evidence of the the fact that his driver's license had the Bonnie ish residence address on it there was letters there was mail addressed to him there there's testimony from Bonnie is that he came and he did stay there at times and at times he had a key to stay there he was having his birthday party there and they were in and out of the house that evening his clothes were found at the residence we believe that all those items really weight in favor of him being a resident and we believe that the judge should have included suppose that we are supposed to be for a moment that we I'm particularly interested in the second search the one that happened during the night after they left when they came back to collect blood why wasn't that permissible under the exigent circumstances exception to the warrant requirement the reason why that's the exigent circumstances does not justify that warrantless search when they went back to get the blood is that they could have gotten a warrant at that point they officers testified that they couldn't leave that they were afraid that that the blood is going to be washed away or or evidence is going to be destroyed but then they left the whole scene unattended for a half hour at least well I thought one of the officers testified that the reason they did that was it's in the middle of the night somebody's you know they have a report somebody's been shot there may be somebody out there with a gun and they didn't feel it was safe to leave given the number of people they had it would have been just you know one person standing around there by herself the night well why wasn't that a reasonable decision well I I know that's what the testimony was that I don't agree with that they have four officers on scene but but but counsel it wasn't just what the testimony was it was the court's factual findings were I mean at page 15 of the court's order the officers were still under pressure to find the shooter and the alleged victim they needed to leave the scene to take the steps for the warrant the physical evidence could have easily have been destroyed this scene looked like it had been modified so I mean even if the court could have found in a different way what what is what can we overturn about the court's factual findings there that would obviate the exigent circumstances exception to the warrant my argument is this in the face of the testimony and that they could have gone and got a warrant that the judge's findings in that regard or erroneous that they that they weren't able to get a warrant because of those circumstances and what what is the testimony because I I think one of the officers said would have taken three hours to get a warrant so I mean is it your view that they should have left someone at the scene or I guess take us through what you think the officers should have done under the circumstances yes the officers three officers have remained there on the scene to secure it and provide security for each other while one officer went to go get a warrant and what about looking for a shooter and the victim and potential this victim or other victims who would be doing that well the officers when they were all there to get well when the first three officers were there they already looked for it looked around the premises pretty extensively they saw the blood there by the truck and they followed the blood trails and they concluded that there was no one there on the premises right but but I mean this is not a circumstance where exigency deals with somebody disposing of narcotics this is the exigency of there is an anonymous call and a lot of evidence that there's been a shooting that somebody might be dead that there might be additional victims and somebody is at large I mean this is not a place with a huge police force right right and so so this is this is not like the same as downtown Chicago or New York or Honolulu I mean this is a this is a small police force and the judge made these factual findings and you want us to second-guess not just the officers but the judge's factual findings yeah I mean the what happened here is my clients rights were violent and I what going back to the point that you need there was still an ongoing a person injured and the shooter was still out there they conducted that search and they ended that search and then they began gathering evidence and to me that's where it crossed the line is that they could have rather than going and getting the evidence that they were done searching for this person they concluded that he was not there that an injured person was not there on the premises they could have got a warrant but they just did the I'm gonna skip to the other portion of our argument yeah mr. mr. Murdoch we've taken up a lot of your time with questions I want to give you a fair opportunity to address your second argument and we'll give you some additional time for rebuttal thank you thank you that's great what our argument is with the second portion of what our argument is that the the failure of the judge to just in light of what they'd be my clients rights being violated by the tribals in the Fort Hall Business Council's resolution that threatens members of the tribe who were not cooperative in the investigation with losing their tribal benefits their per capita payments and banishment we believe that that violated my clients rights to present a fair defense because one of the people who he would have called as a witness was a target of that and at least in parts because of that resolution refused to testify but didn't she also I mean she you say in part because of that resolution but I mean she was also facing significant potential criminal liability I mean a and then the district court seems to have thought that she asserted her Fifth Amendment rights because she was in real criminal jeopardy why isn't why resolve that issue for us however I don't think you can parse this out and say it was 90% because she was facing charges and 10% because of the resolution I don't know that there's any way to separate that the letter from her attorney clearly states that both of those factors are taken into account and I see my time is ending can I just wrap up my argument for yes wrap up your argument and we will give you two minutes for rebuttal okay thank you just ask that the court receive the conviction on the basis of the arguments that I presented all right thank you mr. mr. Haycock yes your honor I'm Jack Haycock representing the government I'd like to address the items that council addressed to the court we believe that the the district judges findings are supported by the evidence and are not clearly erroneous he made the determination that the defendant had no standing to challenge the search Bonnie ish testified that the defendant did not live there and the defendant heard that and other evidence weighed the credibility mr. mr. mr. Haycock on standing it was undisputed that that mr. ish was an overnight guest right yes okay and courts have held that overnight guests have a reasonable expectation of privacy in part of at least the premises if not all the premises of courts have that overnight guests can have a reasonable expectation of privacy in the curtilage so what wouldn't mr. ish as an overnight guest even if we upheld the courts factual findings as to whether he was a permanent resident why wouldn't he have a subjective expectation of privacy in the curtilage that society would be prepared to recognize as reasonable well our understanding of the case law your honor was that he had an expectation of privacy in his belonging in the room that he used but we don't even really know when he last stayed there Bonnie ish said that he just he didn't live there he had a few things in his room and he didn't live at that residence so my understanding is that he has no expectation of privacy in the curtilage or the outer area of the house because he's not truly a resident doesn't live there even though he had some belongings in a room in the house apparently when when was he when did the courts find he was the overnight guest I think wasn't it wasn't it the day before or that night or the night before it might have been it might have been the night before so then why wouldn't you have a reasonable expectation of privacy in the area surrounding the house where his birthday party was because he is not the owner of the residence he was he was just a guest he had privacy in his particular belongings there but he didn't have any ownership or control over the over the house or over the outside of the house for that matter and that was the that was the finding of the district court which is supported by the evidence your honor suppose for a moment that we don't agree with you on standing could you address particularly focusing on the second search why my first question is do you understand the district court to have made a finding with respect to the inability of the officers to obtain a warrant because when I look at the opinion I mean he certainly concludes that exigent circumstances were present but I don't see that more specific finding there I I think it may be an implied finding your honor and it was because we're dealing with a reservation here of 500,000 acres two officers and a trainee on duty that night and and then the detective came when he was called got out of bed and came down and as they explained it as the court has noted there was a need to go search for the victim there was a need to go search for the the alleged shooter there was concerns about safety for the officers and I believe we can read a finding into the district courts opinion that that getting a search warrant that night for the reasons stated by the officers was just not practical but what about what about officer crow I mean she's as I of the things you just mentioned she was back at the station I believe cataloging evidence so why couldn't she have been one to get the warrant while the others are off doing the things you mentioned well I think I think the problem also was security of the officers at the scene if anybody left there would have been one or at best two and maybe a trainee with a possible shooter nearby and perhaps insufficient security to provide for the officer safety and I think that was the big concern about leaving somebody there to guidance guard the scene while somebody else went to get a get a search warrant they just didn't have the manpower to do it that night but they but they have left so that that was that's not quite my question if they had left the scene right they're not leaving anyone there they didn't leave and the during the time that they're not at the scene you know some of them are I guess Kendall is going to get the blood collection kept and the others are off looking for the shooter but crow like what wasn't clear to me from the testimony was what she was doing that was so important that it would have prevented her from being the to get the warrant at that time it's it's possible she could have gotten a warrant but but the other officers needed to go find the potential victim and then there was some searching that needed to be done for the potential shooter so it's possible that crow could have gotten gonna gotten the warrant yes but as was indicated that would have taken considerable time and during that time there were other things that needed to be done that would have left an insufficient number of people at the scene with a shooter on the loose and somebody may have been in danger and I think that's what the district court relied on and the district court also talked about the destruction of evidence yes yes yes I should have mentioned that the blood could have been destroyed with a garden hose and water and would have been untestable after that and as I understand the facts the district court found there was already evidence that some that that's there's there's already facts from which the district court could conclude that some evidence had already been intentionally tampered with it's that right that is right there was a rake that was found and there were signs that the rake was used to rake the gravel and the blood in the area the detective on cross-examination equivocated a little bit didn't he about whether or not he could have gotten a search warrant I would I would say he did equivocate somewhat however I think the district court found that his decision not to seek a search warrant at that time was appropriate and and that was based mostly on security of the officers and whoever might have had to dangerous place I'd like to address the other issue the the the defense on the motion to dismiss apparently accepts the district court finding that there was no government misconduct in this case but asserts that the district court should have exercised supervisory power to dismiss because the resolution deprived him of the ability to mount a defense the district court's decision on supervisory powers is reviewed for abuse of discretion and the district court found that the federal government did not violate the law the defendant apparently does not challenge these findings which are entitled to deference under the clear standard and the defendant has not shown that the resolution caused the matrices to become unavailable as a witness rather the letter that her counsel provided appeared to be appeared to be primarily her pending charges of accessory for murder which which came before the district court issued its opinion the council's letter was sent the summer of 2016 by the 2017 opinion from the district court she had been charged with accessory and it appears that that was the stronger reason for her invocation of rights and for her statement she would not testify and the district court did not err and was within its discretion to decline its cause the unavailability of this witness and on review the facts should be viewed in the light most favorable to the government and would submit that the facts are not clearly erroneous thank you unless there's further questions that's all I have thank you all right thank you mr. Murdoch as if say we will give you two minutes on the rebuttal you're not you're still muted there you go thank you your honor regard to the question of standing in this case as an overnight guest mr. there's no reason to limit where he was I don't see it in this case I don't see any limitation or any reason to limit that so I think he was within his rights to object to the search of the the whole area the privilege everywhere on the residence and with regard to mr. Haycock's search her observation that mr. is isn't the owner that's right it's not the owner but I don't think he needs to have that interest and so we believe yes with going to the point that was brought up to other officers could not get a warrant or why couldn't they get a warrant I think they could detective Tango I returned to the residence to collect the blood with two other officers they could have just as easily returned there to secure the residence while officer crow pursued a search warrant they just didn't do it detective Tango's testimony was he didn't even consider getting a warrant at this point because of everything else that's going on lastly with regard to the misconduct it's true we're not asserting that the government that this is government misconduct however the government does benefit from the violation of my clients the business council did and we do not believe that they should be allowed to take advantage of that or to benefit from that and so that's the corrective argument and that's all I have all right thank you we thank counsel for their helpful arguments and this case will be submitted
judges: Murphy, Bennett, Miller